[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this pendente lite matter each party is seeking an order of alimony. The parties have agreed that exclusive possession of the family residence may be granted to the defendant. The parties have also agreed on the issue of retroactivity of any order that may enter. Many of the facts that give rise to this matter are not in dispute. The parties have been married for approximately 17 1/2 years. There are two minor children issue of this marriage, James Coady, III born April 30, 1983 and Robert Coady born April 30, 1983. The defendant does not have any other minor children born since the date of the marriage. The parties previously entered into an agreement coded #106 under which the plaintiff is paying support to the defendant in the amount of $175.00 per week with the support subject to retroactive adjustment from the date of the plaintiff's filing of the divorce writ. The parties are in dispute as to the defendant's gross and net weekly income and are also in dispute as to her weekly expenses as shown on her financial affidavit dated January 13, 1999.
From the evidence presented the court makes the following adjustments to the defendant's financial affidavit: Mortgage is CT Page 2717 adjusted to $224.10 weekly. Utilities are adjusted to a total of $42.38 weekly. Food is adjusted to $100.00 weekly. Clothing remains at $50.00 weekly. Transportation remains at $127.50 weekly. Insurance premiums remain at $34.00 weekly. Medical and dental remain at $10.00 weekly. Miscellaneous remains at $75.00 weekly. Total weekly expenses are adjusted to $664.98 weekly.
The other dispute between the parties has to do with the average amount of the defendant's weekly income from the business that she owns. She shows a gross weekly average income of $450.00. The plaintiff claims that the defendant's gross weekly income is $1,009.00 per week. The court is not satisfied from a review of all of the exhibits and the testimony that the plaintiff has failed to meet his burden of proving that the defendant's weekly income is more than what is shown on her financial affidavit and testified to by the defendant. Therefore, the orders that are being entered by the court are based on the defendant's gross weekly income of $450.00 and net weekly income of $374.58 and the plaintiff's gross weekly income of $717.50 and net weekly income of $426.21.
The court awards pendente lite alimony to the defendant in the amount of $65.00 per week. No pendente lite alimony is awarded in favor of the plaintiff. The parties are ordered to exchange copies of their personal income tax returns both state and federal for the calendar year 1998 within 15 days after such returns have been filed or 15 days from date if such returns have already been filed.
The plaintiff has the right to a hearing to determine what credits if any he is entitled to for payments that he has made from the effective date of the support order. The alimony order is ordered effective as of today's date. Any support arrearage is to be paid at the rate of $25.00 weekly.
Axelrod, J.